UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JASON SHOLA AKANDE,
Plaintiff,

v. CIVIL ACTION NO. 11-11291-GAO

DOUGLAS BALDWIN,
Defendant.

MEMORANDUM AND ORDER FOR DISMISSAL

O'TOOLE, D.J.

On or about July 21, 2011, Plaintiff Jason Shola Akande ("Akande"), an immigration detainee at the Suffolk County House of Correction in Boston, Massachusetts, filed a self-prepared civil rights Complaint against Douglas Baldwin ("Baldwin"), an employee of the U.S. Department of Homeland Security ("DHS"). Akande alleged due process violations in connection with his federal criminal conviction in the District of Connecticut, including an allegation that he was "framed" for passport fraud by Baldwin and law enforcement officers who fabricated evidence and forged various documents used at trial. He also claims that between 2003 and 2004, Baldwin conspired with others to attempt to frame him for bank fraud, but that attempt was unsuccessful.

Thereafter, the DHS used Akande's criminal conviction to arrest and detain him on February 18, 2010, for removal proceedings. On October 29, 2010, the Immigration Judge used this criminal conviction as a basis for an order authorizing Akande to be deported from the United States.

On July 27, 2011, Magistrate Judge Dein issued a Memorandum and Order (Docket No. 4) directing Plaintiff Akande ("Akande") to demonstrate good cause why this civil action should not be dismissed for the reasons set forth therein. The legal impediments addressed included the

lack of subject matter jurisdiction under the REAL ID Act with respect to claims relating to the alleged fabricated and forged evidence at his criminal trial, and the alleged perjury by Baldwin. Additionally, the Memorandum and Order discussed the failure to state a claim upon which relief may be granted in light of the bar presented by the Favorable Termination Rule of Heck v. Humphrey, 512 U.S. 477 (1994) and its progeny. Finally, the Memorandum and Order directed Akande to demonstrate good cause why his Bivens claims against Baldwin based on allegations of a conspiracy to frame him on bank charges should not be dismissed as time-barred by the statute of limitations.

On August 5, 2011, Akande filed a Letter (Docket No. 5) seeking five subpoenas to obtain documentary evidence in order to respond to the Court's show cause Order. On August 8, 2011, Magistrate Judge Dein issued an Electronic Order denying the request for subpoenas, finding that the legal impediments to Akande's claims involved matters of law (not fact), and therefore documentary evidence was not needed in order to respond to the Court's Order.

Thereafter, on September 8, 2011, Akande filed a Response to the Order to Show Cause (Docket No. 6). In that Response, he reiterates his allegations of prosecutorial misconduct by Baldwin and others. He contends that on February 25, 2011, his legal documents were taken from him by federal officials, and he has not been able to get these documents returned to him. He claims that he must have these documents in order to show good cause as directed. Finally, he reiterates his allegations that there was a government conspiracy and cover-up.[1]

_____

[1]On September 13, 2011, this case was reassigned to this Court. See Electronic Notice of Reassignment.

<u>DISCUSSION</u>

Akande's assertion that he needs documentary evidence to respond to the Court's Order to show cause previously was rejected by the Electronic Order of August 8, 2011. In that Electronic Order, Akande was directed to show good cause why the legal impediments (*i.e,* the REAL ID Act, the Favorable Termination Rule, and the Statute of Limitations) did not bar all of his claims against the Defendant. In his Response (Docket No. 6), Akande failed to address any of these impediments, simply relying once again on the assertion that he needs the alleged forged and fabricated documentary evidence to respond to the Court's Order.

This Court finds that Akande's asserted need for documentary evidence is not a *bona fide* ground for non-compliance with the directives contained in Magistrate Judge Dein's Memorandum and Order, particularly where he was instructed specifically that he must address the legal impediments. At best, all the documents might provide is factual support for Akande's allegations, but these would not provide a means to overcome the legal bars to his claims. For example, even if the documents supported Akande's allegations of a conspiracy to frame him for bank fraud, any civil rights claims against Baldwin nevertheless are barred by the statute of limitations. Similarly, until Akande is able to vacate his criminal conviction, any civil rights claim against the Defendant is not ripe, and thus the documentary evidence would not assist him in overcoming this bar. Without belaboring the matter, Akande has failed to demonstrate good cause as directed, and he has been afforded a sufficient opportunity to do so.

Accordingly, for the reasons set forth in the Memorandum and Order (Docket No. 4), and for the failure of Akande to comply with the directives contained therein, this action is hereby <u>DISMISSED</u> in its entirety. Unless Akande is able to vacate his criminal conviction, he may not file any further motions, complaints, or other documents seeking to reassert the claims made in

this action.

<div align="center">CONCLUSION</div>

Based on the foregoing, it is hereby Ordered that:

1.    This action is hereby <u>DISMISSED</u> in its entirety; and

2.    Unless and until Plaintiff is able to vacate his criminal conviction, he may not file any further motions, complaints, or other documents seeking to reassert the claims concerning prosecutorial misconduct and due process violations in connection with his criminal conviction.

SO ORDERED.

<u>/s/ George A. O'Toole, Jr.</u>
GEORGE A. O'TOOLE, JR.
UNITED STATES DISTRICT JUDGE

DATED: September 15, 2011